UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6294-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs

ERIC TAYLOR and
MACINTAUCH ELIACIN,

    Defendants.
_____/



## DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on October 20, 2000, a hearing was held to determine whether the Defendants, Eric Taylor and Macintauch Eliacin, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that the Defendants, Eric Taylor and Macintauch Eliacin, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendants are charged with conspiracy to possess with intent to disribute over fifty (50) grams of crack cocaine. Therefore Defendants are charged with a narcotics offense. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendants is substantial. They are facing an imprisonment term of ten years to life. Between May 2000 and the present, the Defendants and others agreed to distribute crack cocaine in a Fort Lauderdale neighborhood. On May 12, 2000 a confidential informant who was wired entered a N.W. 5th Avenue residence where both defendants lived. Both Defendants discussed purchasing crack cocaine. The Defendant Taylor delivered fifteen (15) rocks to the confidential informant. Defendant. Eliacin also gave the confidential informant some rocks. Both Defendants offered more crack in the future. On May 25, 2000, the confidential informant again went to the Defendants' home and purchased crack cocaine. Defendant Eliacin and a juvenile discussed selling an ounce of crack to the confidential informant. Mr. Eliacin counted out some rocks and sent the juvenile outside to bring in more crack rocks. The total sold on the second deal was ten (10) grams of crack.

On June 29, 2000 both of these Defendants again sold crack to the confidential informant. Eliacin directed Taylor to "get her stuff". Taylor gave the confidential informant the crack cocaine. A total of 17.6 grams of crack were sold to the confidential informant that day for one thousand ($1000) dollars.

On July 26, 2000 the defendant Taylor again sold crack to the confidential informant out of the 5th Street residence. He sold one hundred rocks for $1300 (28.03 grams of crack cocaine).

On September 27, 2000 the confidential informant met defendant Eliacin at the 5th Street residence. He gave the defendant 155 rocks for $1500.

A search warrant was executed at the residence on October 12, 2000. Four thousand one hundred and sixty-two ($4,162) dollars, 109 grams of marijuana and 65 grams of crack were seized.

Both defendants gave recorded post arrest admissions. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendants are as follows:

Eric Taylor is a Bahamian National and resident alien of the United States. His parents and two siblings reside in the Bahamas, five siblings are in the Bahamas and one is in West Virginia. He is single and has no children. He works for a Temporary agency and has no assets. He is in good health and regularly smokes marijuana. He has several prior arrests for drugs and a theft conviction.

Macintauch Eliacin is a United States citizen and a lifetime resident of Florida. He is single and has an infant child. His mother resides locally. He has three siblings. When he works he does factory work. He has no assets and regularly uses marijuana. He has several arrests for resisting and loitering. He is on a State probation and committed this crime while on that probation. 18 U.S.C. §3142 (g)(3)(A) and (B).

4. The Defendants continually engage in drug distribution and are likely to do so if released. Accordingly, the Defendants constitute a danger to other persons or the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendants' appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e).

3

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that these Defendants present a danger to the community.

The Court hereby directs:

1. That the Defendants be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendants be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendants are confined deliver the Defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 23rd day of October, 2000 at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF U. S. MAGISTRATE JUDGE

cc:   Counsel of Record