UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6294-CR-HURLEY(s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MACINTAUCH ELIACIN,

        Defendant.
_____/

## UNITED STATES' MOTION FOR ENTRY OF JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States requests entry of judgment and preliminary order of forfeiture pursuant to 21 U.S. §853, 18 U.S.C. §982 and Fed. R. Crim. P. 32 (d) (2). In support, the United States submits that:

    1.    On March 13, 2001, defendant Macintauch Eliacin ("defendant") plead guilty to Count One of the superseding indictment, which charged defendant with conspiracy to possess with intent to distribute and to distribute a Schedule II controlled substance, that is, in excess of fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1).

    2.    The forfeiture portion of the superseding indictment filed with this Court on February 1, 2001 (D.E.#34) seeks the forfeiture, among other things, of defendants's interest, rights and title to $4,162.00 in United States currency.

    3.    In his plea agreement (D.E.#56), defendant agreed at page 1, paragraph 2, to the forfeiture of the $4,162.00 in United States currency.



4.     Rule 32 (d)(2), Federal Rules of Criminal Procedure allows this Court to enter a preliminary order of forfeiture at any time after accepting a guilty plea.

5.     Title 21 United States Code §853 (g), provides.

> Upon entry of an order of forfeiture under this section the court <u>shall</u> authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (Emphasis added).

6.     Pursuant to 21 U.S.C. §853(g) and Fed. R. Crim. P. 32(d)(2), the United States requests that the Court enter the attached-preliminary order of forfeiture.

## ASSET SOUGHT TO BE FORFEITED

7.     Accordingly, the United States requests that this Court enter an order forfeiting the defendant's interest, rights and title to the $4,162.00 in United States currency.

## NOTIFICATION PROCEDURE

8.     After the entry of the judgment and preliminary order of forfeiture, the United States shall promptly commence the notification and publication process required by 21 U.S.C. §853(n)(1). If any third party claims or petitions are filed with the Court within the applicable period, the United States shall apply to the Court to take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

9.  The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32(d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

**WHEREFORE**, the United States requests the entry of the attached Judgment and Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. §853.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
BRUCE O. BROWN
ASSISTANT U.S. ATTORNEY
500 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
FAX: (954) 356-7228
Bar No. 999490

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed this 2nd day of May, 2001, to Lori Barrist, Counsel for Macintauch Eliacin, 400 Australian Avenue North, Suite 300, West Palm Beach, FL 33401-5634.

_____
BRUCE O. BROWN
ASSISTANT U.S. ATTORNEY