UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6294-CR-HURLEY(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MACINTAUCH ELIACIN,

    Defendant.
_____/

FILED by _____ D.C.

MAY - 9 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**THIS CAUSE** is before the Court upon the motion of the United States for entry of the judgment and preliminary order of forfeiture and upon the guilty plea entered by defendant Macintauch Eliacin ("Defendant") as to Count One of the Superseding Indictment which charged Defendant with conspiracy to possess with intent to distribute and to distribute a Schedule II controlled substance, that is, in excess of fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1). This Court has reviewed the motion, the plea agreement and the record in this cause, and this Court being otherwise fully advised finds that there is substantial evidence supporting the forfeiture of the Defendant's rights, title and interest in the property described below. It is hereby,

**ORDERED and ADJUDGED** that all of the Defendant's rights, title and interest to the $4,162.00 in United States currency, are forfeited to the United States of America pursuant to 21 U.S.C. §853.

**ORDERED and ADJUDGED** that this order shall serve as a judgment in favor of the



United States of America regarding all of the defendant's rights, title and interest in the above property, and the United States of America shall immediately seize the asset set forth above, if necessary, to protect the interests in the property ordered forfeited by providing a copy of this order to any person or entity which has possession of or jurisdiction over the forfeited property and by taking all steps necessary and appropriate to protect the interests of the United States of America, including the taking of actual possession and custody.

It is further,

**ORDERED and ADJUDGED** that following the entry of this Order pursuant to 21 U.S.C. §853 (n)(1), the United States will provide, to the extent practicable, written notice to all third parties known to be asserting a legal interest in any of the above described property and shall publish notice of this Order and the intent of the United States to dispose of the property in such manner as the Attorney General may direct. Within thirty (30) days following the expiration of the petition period described in the 21 U.S.C. §853(n)(1), the Court shall hold a status conference with all petitioners present for the purpose of setting tentative dates for the ancillary hearings regarding the claims of the petitioners and determining whether such hearings should be consolidated pursuant to 21 U.S.C. §853(n)(4). Five (5) days prior to the hearing, which shall be set by separate order, all petitioners and the United States shall file a joint status report specifying their respective positions on the above matters.

It is further,

**ORDERED and ADJUDGED** that if no claims are filed within the petition period described in 21 U.S.C. §853(n)(2), upon the filing by the United States of a Notice of Publication the above described property shall be deemed forfeited and title vested in the United States of America in accordance with 21 U.S.C. §853(n)(7).

**DONE and ORDERED** at West Palm Beach, Florida this _____ day of May, 2001.

_____<br>
HONORABLE DANIEL T.K. HURLEY<br>
UNITED STATES DISTRICT JUDGE

cc:  AUSA Bruce O. Brown
     AUSA William H. Beckerleg, Jr.
     Lori Barrist, Esq.
     (Counsel for Defendant)